Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 191022-42324
DATE: October 29, 2021

REMANDED

Service connection for diabetes is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1973 to May 1977. 

Following an October 2019 rating decision which denied service connection for diabetes, the Veteran timely filed a notice of disagreement and requested evidence submission review by a Veterans Law Judge (VLJ) under the Appeals Modernization Act (AMA) review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (codified at 38 C.F.R. § 19.2(d)). 

Service connection for diabetes is remanded.

The Veteran believes that service connection for diabetes is warranted. See October 2019 VA Form 10182. 

Generally, a VA medical examination is required for a service connection claim when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) evidence establishing that an event, injury, or disease occurred in service; and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Veteran's service; but (4) there is insufficient competent medical evidence on file for VA to make a decision on the claim. See McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). 

The Veteran has a current diagnosis of type II diabetes. See June 2016 Medical Treatment Record. As such, the Board finds that the first prong is met. 

The Veteran has reported that the food he was served during service resulted in getting diabetes. See June 2015 NOD. As such, the Board finds that the second and third prongs of the McLendon test are met. 

Throughout the appeal period, no VA examination was conducted for the Veteran's diabetes. Given these facts, the Board finds that a remand is necessary to obtain a VA examination to determine the etiology of the Veteran's diabetes. See McLendon, 20 Vet. App. at 83. 

Additionally, the Veteran reported herbicide agent exposure while serving on the U.S.S. Ranger. See June 2015 NOD. VA has developed specific procedures to determine whether a veteran was exposed to an herbicide agent in a vicinity other than the Republic of Vietnam or along the demilitarized zone (DMZ) in Korea. VA's Adjudication Procedure Manual, M21-1, Part IV, Subpart ii, Chapter 1, Section H (M21-1), lists what development is needed. However, no such development has taken place. Therefore, a remand is also needed to determine whether the Veteran had herbicide agent exposure during service. 

Finally, the Veteran reported Reserve service. See September 2019 Fully Developed Claim. However, no attempt has been made to obtain the Veteran's Reserve service records. See 38 C.F.R § 3.159. Therefore, a remand is also needed to attempt to obtain these records. 

The matter is REMANDED for the following action:

1. Conduct all appropriate development to determine whether the Veteran had herbicide agent exposure during service in accordance with M21-1, Part IV, Subpart ii, Chapter 1, Section H.7.a. Specifically, the Veteran reported herbicide agent exposure while serving on the U.S.S. Ranger. See June 2015 NOD. 

2. Contact all appropriate sources to obtain the Veteran's Reserve service treatment and personnel records in accordance with 38 C.F.R. § 3.159. 

3. Schedule an appropriate VA examination for the Veteran's diabetes. The need for an in-person examination of the Veteran is left to the discretion of the examiner. Following a review of the claims file and a copy of this Remand, the reviewing examiner is requested to furnish an opinion with respect to the following: 

(A) Is it at least as likely as not (a 50 percent or greater probability) that the Veteran's diabetes had its onset in or is otherwise related to the Veteran's service?

(B) Is it at least as likely as not (a 50 percent or greater probability) that the Veteran's diabetes manifested to a compensable degree within one year following the Veteran's separation from a period of active service? 

(C) Is it at least as likely as not (a 50 percent or greater probability) that the Veteran's diabetes was noted during active service/within one year following the Veteran's separation from active service, with continuity of symptomatology since? 

In addition to the other relevant evidence of record, the examiner is asked to consider the following information with a caution that this list is not a substitute for a review of the record: 

(1) Medical records from 1999 showing that the Veteran was taking medication for diabetes. See December 2019 Third Party Correspondence. 

(2) Medical records from 1995 showing that the Veteran wanted to get checked for diabetes. Medical records from 1997 showed blurry vision and the need to use the bathroom often. Further information is provided. See December 2019 Medical Treatment Record.

(3) Medical records from 2016 showing that the Veteran had been diagnosed with type II diabetes in 1995. See June 2016 Medical Treatment Record. 

(4) Medical records from 2016 showing that the Veteran had an active problem of type II diabetes mellitus. See May 2016 Medical Treatment Record.

(5) The Veteran's report that the food he was served during service led to his diabetes. They ate a lot of rice and potatoes. This was very detrimental to his health later in life. He also had a very stressful situation which stemmed from being on guard duty at the base perimeter in the Philippines at San Miguel. The Veteran reported herbicide agent exposure while on the U.S.S. Ranger from a Navy pilot's aircraft. Further information is provided. See June 2015 NOD.

(6) Service records showing that the Veteran served in the Philippines and on the U.S.S. Ranger. See January 2015 Military Personnel Record.

(7) All other relevant lay and medical evidence. 

A complete rationale for all opinions offered should be provided. Address the Veteran's documented history and assertions. 

All necessary tests and studies should be conducted. If the examiner cannot provide an opinion without resorting to mere speculation, the examiner should provide an explanation stating why. In so doing, the examiner should explain whether the inability to provide a more definitive opinion is due to the limits of the medical community's knowledge or due to the limits of the examiner's medical knowledge. 

The Veteran is competent to attest to factual matters of which the Veteran has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation. 

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Dougan, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.